IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-00255-01-CR-W-ODS |
| ) | |
| SERGIO IBARRA-SILVA, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO SUPPRESS

On December 4, 2007, the Honorable Robert E. Larsen, United States Magistrate Judge for this District, issued his Report and Recommendation (the "Report") recommending Defendant's Motion to Suppress Information Obtained From the Traffic Stop of August 3, 2006 (Doc. # 41) be denied. Defendant filed timely objections. Upon de novo review of the Record, the Court is persuaded that the Report's conclusions and resulting recommendation are correct.

The Report is detailed and thorough, so little needs to be added. Defendant contends the traffic stop of August 3, 2006 was a pretextual stop in violation of the Fourth Amendment, and therefore, that all information gathered from the traffic stop, including Defendant's identity, must be suppressed. The Court overrules Defendant's objections and adopts the Report as the Order of the Court.

"Pretextual traffic stops are a violation of the Fourth Amendment." United States v. Eldridge, 984 F.2d 943, 947-48 (8th Cir. 1993). Probable cause for a traffic stop exists, however, when a law enforcement officer observes even a minor traffic violation. Id. (citing United States v. Cummins, 920 F.2d 498, 500 (8th Cir. 1990)). "Probable cause exists where an officer objectively has a reasonable basis for believing the driver has breached a traffic law." United States v. Thomas, 93 F.3d 479, 485 (8th Cir. 1996). Furthermore, an "otherwise valid stop does not become unreasonable merely because

the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity." Cummins, 920 F.2d at 501. Therefore, "the stop remains valid even if the officer would have ignored the traffic violation but for his other suspicions." Id.

  The Court agrees that Officer Huwar had probable cause to perform the traffic stop. Missouri Revised Statute Section 370.010 requires materials carried on a trailer to be sufficiently secured. Officer Huwar observed Defendant's Escalade pulling a trailer carrying a car that was not properly secured to the trailer. Defendant does not object to the finding that one of the cargo straps used to secure the car to the trailer was not attached. Nor does Defendant object to the finding that Officer Huwar believed he was preventing a hazard by stopping the Escalade. Thus, Officer Huwar had an objectively reasonable basis for stopping Defendant upon observing his violation of § 370.010 RSMo. Officer Huwar's subjective suspicion that Defendant may have been engaged in criminal activity is irrelevant to the legality of the stop.

  Because the Court agrees the traffic stop did not violate the Fourth Amendment, it is not necessary to decide whether the evidence sought to be suppressed–all information gathered from the stop, including Defendant's identity–is even suppressible.

  For these reasons, the Report is adopted as the Order of the Court and Defendant's Motion to Suppress is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: December 20, 2007        UNITED STATES DISTRICT COURT